NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| THOMAS STEVEN ADAMS, | : | |
| Plaintiff, | : | Civil No. 05-4612 (RBK) |
| v. | : | |
| ROBERT MORAN, et al. | : | OPINION |
| Defendants. | : | |

**APPEARANCES**:

> THOMAS STEVEN ADAMS, #124631, Plaintiff Pro Se
> Atlantic County Justice Facility
> 5060 Atlantic Avenue
> Mays Landing, New Jersey 08330

**KUGLER, DISTRICT JUDGE**

Plaintiff Thomas Steven Adams ("Adams"), currently confined at the Atlantic County Justice Facility in Mays Landing, New Jersey, seeks to bring this action in forma pauperis pursuant to 28 U.S.C. § 1915 (1998). Based upon his affidavit of indigence and prison account statement, this Court will (1) grant Plaintiff's application to proceed in forma pauperis; (2) direct Clerk of the Court to file the Complaint without pre-payment of the filing fee; (3) assess the $250.00 filing fee against Plaintiff; and (4) direct the agency having custody of the Plaintiff to

forward payments from Plaintiff's institutional account to the Clerk of the Court each month the amount in the account exceeds $10.00, until the $250.00 filing fee is paid in full, regardless of the outcome of the litigation.  See 28 U.S.C. §1915 (a), (b) (1), (b) (2), (b) (4).

Pursuant to 28 U.S.C. §§ 1915 (e) (2) and 1915A, the Court has reviewed the Complaint to identify cognizable claims.  The Court will dismiss the Complaint pursuant to 28 U.S.C. §§ 1915 (e) (2) (B) (ii) and 1915A (b) (1) for failure to state a claim upon which relief may be granted.

## I. BACKGROUND

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 seeking injunctive relief against his attorney and her supervisor because of an alleged violation of his rights secured by the Constitution and laws of the United States.[1]  The named Defendants are Robert J. Moran, Deputy Public Defender, and Eileen LaBarre, an Assistant Deputy Public Defender.  Defendant Moran is alleged to be the supervisor of Defendant LaBarre.   (Compl., Caption and ¶ 4.)

Plaintiff asserts (1) that he has not received copies of full discovery and grand jury transcripts from Defendants; (2) that Defendant LaBarre rejected his request to subpoena witness testimony; and (3) that Defendant Moran refused his request to remove her from his case.  (Compl., ¶ 6.)

---

[1]  42 U.S.C. § 1983 provides in relevant part:

> Every person who, under color of any statute,  ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

## II. DISCUSSION

The Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66, 1321-77 (1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff seeks redress against a government employee, 28 U.S.C. § 1915A.  The Act requires the Court to dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a Defendant who is immune from such relief.  Id.

A.  Standard for Dismissal

Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8 (a) (2); accord Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168 (1993).  Plaintiff is "required to 'set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist.'"  Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993) (quoting 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 340 (2d ed. 1990)).  The Court "must determine whether, under any reasonable reading of the pleadings, the plaintiff[] may be entitled to relief, and . . . must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom."  Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (citing Holder v. Allentown, 987 F.2d 188, 194 (3d Cir. 1993)); Eli Lily & Co. v. Roussel Corp., 23 F. Supp.2d 460, 474 (D.N.J. 1998) (citing Nami and Holder).

A pro se complaint is held to less stringent standards than formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520

(1972); Then v. I.N.S., 58 F. Supp.2d 422, 429 (D.N.J. 1999), aff'd sub nom. Then v. Quarantino, 208 F.3d 206 (3d Cir. 2000). "Under our liberal pleading rules, during the initial stage of litigation, a district court should construe all allegations in a complaint in favor of the complainant" and give "credit to the allegations of the complaint as they appear[] in the complaint." Gibbs v. Roman, 116 F.3d 83, 86 (3d Cir. 1997); see also Kulwicki v. Dawson, 969 F.2d 1454, 1462 (3d Cir. 1992). But a court need not credit a complaint's "bald assertions" or "legal conclusions" when deciding whether dismissal is appropriate. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997); see also Fernandez-Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir. 1993) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."). "When it appears beyond doubt that no relief could be granted under any set of facts which could be proved consistent with the allegations of the complaint, a dismissal pursuant to Rule 12(b)(6) is proper." Robinson v. Fauver, 932 F. Supp. 639, 642 (D.N.J. 1996) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

Section 1983 of Title 42 does not confer substantive rights, but provides a remedy for the deprivation of rights protected by federal law. Oklahoma City v. Tuttle, 471 U.S. 808, 816 (1985); see also Sameric Corp. of Delaware, Inc. v. City of Philadelphia, 142 F.3d 582, 590 (3d Cir. 1998). To establish a violation of 42 U.S.C. § 1983, the Plaintiff must demonstrate that the challenged conduct was committed by a person acting under color of state law and that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. See West v. Atkins, 487 U.S. 42, 48-49 (1988); Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986);

Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994). Plaintiff also must assert and prove some causal connection between a Defendant and the alleged wrongdoing in order to recover against that Defendant. See, e.g., Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977); Lee-Patterson v. New Jersey Transit Bus Operations, Inc., 957 F. Supp. 1391, 1401-02 (D.N.J. 1997). "A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citing Parratt v. Taylor, 451 U.S. 527, 537 n.3 (1981)).

B.  Analysis

Plaintiff can not sue the public defenders named in the Complaint under 42 U.S.C. § 1983. Smith v. LaFollette, 23 F.3d 410 (7th Cir. 1994) (state public defender is a state agency and is thus immune from suit under the Eleventh Amendment); Delbridge v.Office of the Public Defender, 238 N.J. Super. 288, 306-07 (Law Div. 1989), aff'd, 297 N.J.Super. 1 (App. Div. 1993), certif. denied, 135 N.J. 467 (1994), cert. denied, 513 U.S. 832 (1994) (Public Defender Office not a "person" under § 1983; noting that this Office is a division within the Department of the Public Advocate). See also Polk County v. Dodson, 454 U.S. 312, 317 n. 4 (1981) ("a public defender does not act under color of state law when performing the traditional functions of counsel to a criminal defendant").

Plaintiff's description of Defendant Labarre's actions relates to the traditional functions of counsel and fails to state a cognizable claim under § 1983. Moreover, with respect to

Defendant Moran, the Complaint asserts no more than a claim of respondeat superior liability, which is not actionable under § 1983. See Rode, supra.

### III. CONCLUSION

Based on the foregoing, the Court will dismiss the Complaint pursuant to 28 U.S.C. §§ 1915 (e) (2) (B) (ii) and 1915A (b) (1) for failure to state a claim upon which relief may be granted.

An appropriate Order accompanies this Opinion.

s/Robert B. Kugler
**ROBERT B. KUGLER**
**UNITED STATES DISTRICT JUDGE**

**DATED:** **October 3, 2005**